NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 4, 2014
Decided November 18, 2014

**Before**

DANIEL A. MANION, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| Nos. 14-2043 and No. 14-3014 | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division |
| JESUS GUARDADO-FIGUEROA, *Petitioner-Appellant*, | |
| | No. 13-CV-5893 and No. 14-CV-6607 |
| *v.* | **Ronald A. Guzmán**, *Judge*. |
| SHON M. KUTA, *Respondent-Appellee*. | |

# O R D E R

In July 2011, Mexican law enforcement authorities filed a diplomatic note with the United States Secretary of State requesting the extradition of Jesus Guardado-Figueroa to stand trial for the aggravated homicide of a victim alleged to be his wife's lover. In May 2012, the United States Attorney for the Northern District of Illinois filed a complaint for extradition. Figueroa was arrested and a hearing on the complaint for extradition was held by a magistrate judge. The magistrate judge found probable cause and entered an order, subsequently amended to correct a typographical error, certifying Figueroa's extraditability and committing him to the custody of the United States

Marshals Service pending disposition of the extradition by the Secretary of State. *In re Figueroa*, 2013 U.S. Dist. LEXIS 87884 (N.D. Ill., June 26, 2013). Figueroa filed his first petition for a writ of habeas corpus contesting the extradition order. 28 U.S.C. § 2241. The district court denied Figuroa's petition. *Figueroa v. Nicklin*, 13 C 5893 (N.D. Ill., April 2, 2014). Figuroa appealed, generating case no. 14-2043.

On August 4, 2014, just over two months after Figueroa's appeal was docketed in case no. 14-2043, the government filed a Notice Regarding Extradition indicating that it intended to extradite Figueroa absent an order from us directing otherwise. On August 25, 2014, the Department of State sent Figueroa's attorney a letter stating that after a review of all pertinent information, the Secretary of State's designee had decided to authorize Figueroa's surrender to Mexico. On August 27, 2014, Figueroa filed his second petition for a writ of habeas corpus, this time challenging the Secretary of State's surrender decision. *Figueroa v. Kuta*, 14-CV-6607 (N.D. Ill.). On September 11, 2014, the district court denied Figueroa's second habeas petition and also denied his motion to stay or enjoin the Secretary's surrender decision. Figueroa also appealed that denial, generating case no. 14-3014. On September 12, 2014, Figueroa filed an Emergency Motion for a Stay of Petitioner's Extradition Pending Appeal. We temporarily stayed Figueroa's extradition pending the resolution of the stay motion, and on September 24, 2014, the government filed its brief in opposition.

On October 7, 2014, we denied Figueroa's motion for a stay pending appeal. On October 21, 2014, the government filed a Notice Regarding Extradition, wherein it stated that in light of our October 7, 2014 order, "[t]here are thus no apparent legal barriers to Petitioner-Appellant's prompt surrender" and "that the United States intends to proceed with Petitioner-Appellant Jesus Guardado-Figueroa's extradition to Mexico, absent an order directing otherwise." We heard oral argument on the merits of the appeal in case no. 14-2043 on November 4, 2014, but briefing in case no. 14-3014 is not yet complete, nor has oral argument been scheduled. However, neither will be necessary. We have been informed that on November 12, 2014, the government surrendered Figueroa into the custody of Mexican authorities. We have also been informed that Figueroa's attorney does not object to the government's motion to dismiss these two cases as moot.

The surrender of an individual into the custody of foreign law enforcement authorities renders that individual's appeal contesting the lawfulness of his previous detention moot. *See Lindstrom v. Graber*, 203 F.3d 470, 474 (7th Cir. 2000). That rule governs these instances. Accordingly, Figueroa's appeals in case nos. 14-2043 and 14-3014 are **DISMISSED**.